## ASHLEY W. BURROWS *vs.* GEORGE H. WARD.

A., a minor, was sentenced to the Reform School, and, without being legally apprenticed, was taken by B. as an apprentice. A. remained with B. some years, then absconded, was arrested, recommitted to the school, and again put out with B. Sentences to the Reform School are limited to minority.

In an action by A. against B. for services rendered after A. claimed to have attained majority, —

*Held*, that A. could not recover if, without a specific contract with B., and without notice that his minority was ended and that he expected wages, he continued to work for B. after attaining the age of twenty-one.

EXCEPTIONS to the Court of Common Pleas.

*July* 10, 1886. PER CURIAM. This is *assumpsit* for compensation for services rendered. The defendant pleaded the general issue, and on trial put in testimony to show that, when he took the plaintiff into his service, the plaintiff was an inmate of the

Providence Reform School under sentence, and that he took him as an apprentice, pursuant to an agreement with the keeper of the Reform School, under which he was to have the services of the plaintiff until he should arrive at the age of twenty-one, paying him one hundred dollars at that time if he continued in his service until then. This agreement was made in the spring of 1869, the plaintiff then being a boy less than twelve years of age. Under the statute, it was only the trustees of the Reform School who were authorized to apprentice inmates, and they only by deed. The apprenticeship, therefore, was invalid. The plaintiff, never_theless, remained in the service of the defendant between four and five years. He then absconded, was rearrested, and recommitted to the Reform School. Shortly afterwards he was remitted to the service of the defendant, and, as the defendant testified, at his, the plaintiff's, own earnest request. He remained in the service of the defendant, according to his own testimony, until June 1, 1880 ; according to the testimony of the defendant, until June 26, 1878. The defendant testified that, according to a record or memorandum on the books of the Reform School, the sentence expired November 19, 1880, and that he took the plaintiff into his service believing that he could retain him, under his agreement, until that date. The jury returned a verdict for the plaintiff for $258.94. The case is before us on a petition for new trial for errors in the rulings of the court below.

The first two errors alleged are for the refusal of the court to charge, in effect, that the plaintiff could not recover if his sentence, by its terms, did not expire before November 19, 1880, even if he attained his majority before that time. We do not think there was any error in the refusal, because, under the statute, sentences to the Reform School can only be during minority, or some less term. If the sentence was for longer than during minority, it was void, at least for the excess. There was, moreover, no proper evidence on which the jury could determine the terms of the sentence ; the record of the sentence, which is the best evidence, not being produced.

The third error alleged is for the refusal of the court to instruct the jury that, if they found that the plaintiff continued to work for the defendant after arriving at the age of twenty-one, without

any specific contract, and without notice to the defendant that he expected wages, then the plaintiff could not recover. The court refused this request, and instructed the jury that the plaintiff might recover for any services rendered to the defendant after he was in fact twenty-one years of age. We think that this was error. If the plaintiff returned to the defendant at his own request, or with his free consent, under the agreement with the keeper, the defendant believing that the term of sentence did not expire until November 19, 1880, the plaintiff would not be entitled to recover for wages, after his arrival at the age of twenty-one, without some notice or intimation to the defendant that he should expect wages if he continued in his service longer. Moreover, if the plaintiff was in the service of the defendant with his own consent, with the understanding that he was not to receive wages for his work, then we do not think that he would be entitled to wages without some notice from him to the defendant that the understanding had come to an end, and that he was expecting to be paid. *Exceptions sustained.*

*Irving Champlin,* for plaintiff.

*James C. Collins,* for defendant.